THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00123-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GEORGE JONATHAN STANLEY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 38]; the Defendant's "Motion to Retain Counsel" [Doc. 40]; and the Government's Motion to Dismiss [Doc. 42].

**I.    BACKGROUND**

In June 2018, the Defendant George Jonathan Stanley was convicted of one count of possession with intent to distribute a mixture of methamphetamine and was sentenced to a term 60 months imprisonment. [Doc. 33]. The Defendant is currently incarcerated at FCI Butner Medium I, and his projected release date is May 10, 2022.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Nov. 10, 2020).

On July 30, 2020, the Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 36]. Specifically, the Defendant argued that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. On August 10, 2020, the Court denied the Defendant's motion without prejudice to refiling after fully exhausting all his administrative rights or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, which is earlier. [Doc. 37].

On September 24, 2020, the Defendant renewed his motion for compassionate release. [Doc. 38]. In his renewed motion, the Defendant asserts that he has now exhausted his administrative remedies, as more than 30 days has lapsed since he made his request for compassionate release to the warden of his facility on August 12, 2020. [Id. at 1]. The Defendant attaches a copy of that request to his motion. [Doc. 39 at 1]. By way of a separate motion, the Defendant also seeks the appointment of counsel. [Doc. 40].

The Court ordered the Government to respond to the Defendant's renewed motion for compassionate release. [See Text-Only Order entered

Sept. 29, 2020]. On October 27, 2020, the Government filed a motion to dismiss the Defendant's motion for compassionate release, arguing that the Defendant has again failed to prove that he has complied with the requirements of § 3582(c)(1)(A). [Doc. 42]. The Defendant filed a response to the Government's motion, arguing that his August 12, 2020 request to the warden was sufficient to comply with those statutory requirements. [Doc. 43].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except

3

in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

As the Court noted in its prior Order [Doc. 37], a defendant's failure to prove that he has exhaust his remedies under § 3582(c)(1)(A)(i) precludes the Court from considering the merits of the motion. Here, the request for a reduction in sentence submitted by the Defendant on August 12, 2020 is insufficient to satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A). According to the relevant BOP Policy,[3] to initiate a compassionate release request, an inmate must state: (1) the extraordinary or compelling reasons that the inmate believes warrant release; and (2) the proposed release plan, including where the inmate will reside, how the inmate will support himself, where he will receive medical treatment, and how he will pay for the treatment. [See also Doc. 42-1: Storus Decl. at ¶ 8]. The Defendant's

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

[3] BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited Nov. 10, 2020).

4

request fails to comply with these requirements. Rather, it is an "Informal Request to Staff," which is not a formal administrative remedy pursuant to the BOP's multi-step administrative grievance procedure. See 28 C.F.R. § 542.13. Moreover, the Defendant's request does not clearly state the extraordinary or compelling reasons justifying release, nor does it provide any proposed release plan, including where the Defendant will reside, how he will support himself, where he will receive medical treatment, and how he will pay for the treatment. See Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), at 3. [See also Doc. 42-3: Storus Decl. at ¶ 9].

Because the Defendant's Informal Request to Staff was incomplete and failed to comply with BOP Program Statement 5050.50, the BOP apparently did not consider this document as a formal request for compassionate release. Indeed, the staff at FCI Butner have no record of having received any requests for compassionate release from or on behalf of Mr. Stanley. [Doc. 42-1: Storus Decl. at ¶ 7]. Further, a review of the BOP's official Administrative Remedy Program records indicates that Mr. Stanley has not filed any administrative remedy request during his incarceration with the BOP. [See Doc. 42-1: Storus Decl. Attachment 2].

The exhaustion requirements of § 3582(c)(1)(A)(i) are not just technicalities. They allow the Bureau of Prisons an opportunity to pass on an inmate's request for compassionate release in the first instance. Allowing the BOP to first address an inmate's request makes sense, as the BOP stands in the best position to assess all of the factors which must be considered in granting a compassionate release, including the number of COVID-19 cases within the particular facility; the defendant's medical conditions and his or her resulting susceptibility to contracting COVID-19; the ability of the facility to treat the defendant's medical conditions; the defendant's conduct during the period of incarceration; and the defendant's proposed release plans, among other factors. Because the Defendant has not yet made a formal request for compassionate release, the BOP has not had an opportunity to assess whether he would qualify for relief if he did make a compliant request. [See id. at ¶ 10].

Based on the record presented, the Court finds that the Defendant has failed to demonstrate that he submitted a proper request for compassionate release to the warden of his Bureau of Prisons facility or that he has otherwise exhausted his administrative remedies with respect to that request. Accordingly, the Court cannot grant the requested relief. The

6

Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) will therefore be denied, albeit without prejudice.

Finally, the Defendant moves for the appointment of counsel to represent him in connection with his motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 42] is **GRANTED**, and the Defendant's letter, which the Court construes as a renewed motion for compassionated release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 38], is **DENIED WITHOUT PREJUDICE** to

refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS FURTHER ORDERED** that the Defendant's "Motion to Retain Counsel" [Doc. 40] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge