THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00123-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GEORGE JONATHAN STANLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a Motion for Compassionate Release [Doc. 45]; the Government's Opposition to Defendant's Motion for Compassionate Release [Doc. 47]; and the Government's Motion to Seal [Doc. 49].

**I.    BACKGROUND**

In February 2018, the Defendant George Jonathan Stanley pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  The Defendant was sentenced in June 2018 to a term of 60

months' imprisonment. [Doc. 33]. The Defendant is currently housed at FCI Butner Medium I, and his projected release date is May 10, 2022.[1]

The Defendant first attempted to seek compassionate release on July 30, 2020, by filing a letter citing the ongoing COVID-19 pandemic. [Doc. 36]. The Court construed the Defendant's letter as a motion and denied the motion without prejudice on the grounds that the Defendant had failed to exhaust his administrative remedies. [Doc. 37]. Next, the Defendant filed a letter with the Court on September 24, 2020, with which he attached several documents purporting to show that he had followed the requisite procedures of first seeking relief within the Bureau of Prisons (BOP). [Doc. 38]. The Government moved to dismiss the Defendant's motion on the grounds that the Defendant had not, in fact, exhausted his administrative remedies. [Doc. 42]. On November 12, 2020, the Court again denied the Defendant's motion without prejudice due to his failure to exhaust administrative remedies. [Doc. 44].

On January 4, 2021, the Defendant filed a third letter seeking compassionate release. [Doc. 45]. Attached to his letter are various

---

[1] See https://www.bop.gov/inmateloc/ (last visited March 8, 2021).

documents indicating he has exhausted his administrative remedies. [Id.]. On January 6, 2021, the Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Jan. 6, 2021]. The Government filed its Response on February 5, 2021. [Doc. 47].

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has now sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. [Doc. 47 at 2]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

3

Case 1:17-cr-00123-MR-WCM Document 50 Filed 03/15/21 Page 3 of 10

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant asserts that he has a number of medical conditions—including high cholesterol, obesity, a history of chronic obstructive pulmonary disease (COPD), and other respiratory ailments—and that these conditions place him at an increased risk of serious illness if he were exposed to the coronavirus. However, a review of the Defendant's BOP medical records [Doc. 39; Doc. 48] do not support the majority of the Defendant's claims about his health. These records indicate that the Defendant has the following conditions: obesity; hyperlipidemia (an excess of lipids in his blood); a history of gout; a history of gastroesophageal reflux disease (GERD), for which he takes medication; a history of allergic rhinitis (hay fever), for which he also takes medication; a history consistent with obstructive sleep apnea; a history of smoking; and a history of anxiety disorder, for which he also takes medication. [See Doc. 48 at 33, 34, 36, 39]. Contrary to the Defendant's assertions, there is nothing in these records to indicate that he suffers from COPD or any other pulmonary disease. The only condition that the Defendant has that qualifies as a significant risk factor for severe illness from COVID-19 is obesity.[2]

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 8, 2021).

6

Case 1:17-cr-00123-MR-WCM   Document 50   Filed 03/15/21   Page 6 of 10

The Court notes, however, that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.[3] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

---

[3] See http://covid.cdc.gov/covid-data-tracker/#vaccinations (last visited Mar. 8, 2021).

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious, as it involved a large quantity of methamphetamine—84.63 grams—and he possessed a firearm while he committed that offense. [Doc. 30: PSR at 6]. At sentencing, the Court imposed the statutory mandatory minimum sentence for this offense, 60 months. This sentence appropriately reflected the seriousness of the Defendant's crime, as mandated by Congress, and he has not demonstrated anything that causes the Court to reconsider and reduce that sentence now.

For all these reasons, the Court concludes that the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes militate against a sentence reduction in this case.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

### B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 48] filed in support of its Response to the Defendant's Motion for Reconsideration. [Doc. 49].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on February 5, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain

sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a Motion for Compassionate Release [Doc. 45], is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 49] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 48] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge

10

Case 1:17-cr-00123-MR-WCM   Document 50   Filed 03/15/21   Page 10 of 10